Mr. Karl Horton, Chairman Greene County Election Commission 320 West Court Street, Room 102 Paragould, AR 72450
Dear Mr. Horton:
I am writing in response to your request for an opinion on the following:
 I would like to request your opinion concerning the qualifications for running as a constable. Specifically, in order to run for constable, is the candidate required to maintain a permanent residence while running for the position, or do they have to maintain a permanent residence upon serving. Please reference [A.C.A. §] 7-5-201 and [A.C.A. §] 14-14-1306 as well as Article 6 of the Arkansas Constitution.
RESPONSE
In my opinion, a candidate for township office, such as a constable, must reside within the township that he or she would represent at the time of filing for the office. A.C.A. §7-5-207(b). The necessary residency in this regard is synonymous with "domicile," and entails a factual analysis of the individual's intention as to his permanent home. Notwithstanding these conclusions, it has been held that a county board of election commissioners does not have the authority to remove a candidate's name from the ballot on the basis of such a factual dispute. To the extent your question concerns the authority of a political party to investigate or deny placement of an individual's name on a party primary ballot,[1] I must refer you to private counsel, as I am not authorized to render formal opinions to political parties.
The Arkansas Constitution provides that:
 The qualified electors of each township shall elect the Constable for the term of two years, who shall be furnished, by the presiding Judge of the County Court, with a certificate of election, on which his official oath shall be indorsed.
Ark. Const. Art. 7, § 47; see also A.C.A. § 14-14-1301(b)(2) (Supp. 2005). Regarding the residence requirements of officers, the Arkansas Constitution further requires that all township officers, such as constables, reside within the township. Ark. Const. Art. 19, § 4 ("All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties and townships . . ."); see also A.C.A. § 14-14-1306(a) (Repl. 1998).
Your question is whether this residency requirement must be met during a person's candidacy in office or only during the period of service in the office. In this regard, the Arkansas Code states that:
 No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is a candidate. . . .
A.C.A. § 7-5-207(b) (emphasis added).
In my opinion, therefore, A.C.A. § 7-5-207(b) clearly requires the requisite residence at the time of filing for the office.
As I explained in Op. Att'y Gen. 2004-125, however, the term "residence" can be "nebulous." Id. (quoting Op. Att'y Gen.96-265). The Arkansas Court has, in the context of Article 19, §3 of the Arkansas Constitution, apparently considered "residence" to be a cognate of "domicile." Id. With regard to your question, the most applicable statute is A.C.A. § 14-14-1306(c) ("For the purposes of this section, legal residence shall be defined as the domicile of the officer evidenced by the intent to make such residence a fixed and permanent home.") I have enclosed a copy of Op. Att'y Gen. 2004-125 for your convenience, which addresses this issue at some length and lists the factors relevant in determining "domicile."
Notwithstanding this conclusion, it has been stated that county boards of election commissioners "do not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law."State v. Craighead County Bd. of Election Comm'rs,300 Ark. 405, 409, 779 S.W.2d 169 (1989). The proper remedy in such case is a court action for mandamus coupled with a declaratory judgment. Id. See also, Hill v. Carter, 357 Ark. 597,184 S.W.3d 431 (2004).
Regarding the eligibility of candidates in primary elections, the Arkansas Code specifically provides:
 Each political party shall be responsible for determining the qualifications of candidates seeking nomination by the political party, provide necessary applications for candidacy, accept and process the applications, and determine the order of its ballot.
A.C.A. § 7-7-201(b)(5) (Supp. 2005). Furthermore, A.C.A. §7-7-301(b)(1) requires that the political party make an "affirmative determination that the person complies with the eligibility requirements of the office" before being placed on the primary ballot.
Although I am required by A.C.A. § 25-16-706(b) to furnish my opinion to county boards of election commissioners concerning the provisions of election laws of the state, I am not authorized to provide legal opinions to political parties or local political central committees. I must refer you to private counsel for any needed advice on the appropriate procedures that must be followed in that connection.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] It is my understanding that you serve as both Chairman of the Greene County Democratic Central Committee and as Chairman of the Greene County Board of Election Commissioners.